UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| TITAN PARTNERS, LLC, and <br> DONALD F. CHAMBERLIN, JR. | ) <br> ) <br> ) | |
| Plaintiffs, | ) <br> ) | |
| vs. | ) <br> ) | Case No. 4:11CV00109 AGF |
| USA TAX AND INSURANCE <br> SERVICES, INC., | ) <br> ) <br> ) | |
| Defendant. | ) | |

## **MEMORANDUM AND ORDER**

This matter is before the Court on Plaintiffs Titan Partners, LLC and Donald F. Chamberlin, Jr.'s Motion to Compel Compliance with TRO (Doc. 30). A hearing on Plaintiffs' motion was held on March 15, 2011, at which all parties were represented by counsel. For the reasons set forth below, and more fully stated at the hearing, the Court will grant Plaintiffs' Motion.

## **BACKGROUND**

Plaintiffs filed this action against Defendant USA Tax and Insurance Services, Inc. ("USA Tax") on January 18, 2011, and filed an Amended Complaint on February 10, 2011. (Docs. 1, 8.) Plaintiffs' Amended Complaint sets out seven counts, including a count of "reverse passing-off" under § 43(a) of the Lanham Act, 15 U.S.C. § 1125(a), and four counts of copyright infringement under the Copyright Act of 1976, as amended, 17 U.S.C. § 101, *et seq.* On the motion of Plaintiffs, and following a hearing on the matter, this Court entered a Temporary Restraining Order ("TRO") on February 16, 2011, in which the Court ordered the following:

Defendant, its agents, employees, attorneys, and all others in active concert or participation with any of them, are enjoined from copying, distributing, publicly displaying, or preparing derivative works of Titan's Tax Practice Growth Presentation, Tax Season Calendar 2010, 7 Steps to Successful Tax Delivery, Tax Client Agreement 2010, or any other of Titan's copyrighted works.

On February 17, 2011, at approximately 10:00 a.m., Patrick Nichols, the Chief Financial Officer and Executive Vice President of USA Tax, met with all USA Tax employees, informing them of the court order and its restrictions. By 11:17 a.m., Defendant had the above-mentioned documents (the "Works") removed from the USA Tax websites.

At approximately 12:35 p.m. on February 18, 2011, Nichols sent an email to all USA Tax Producers, which provided the following:

> To all USA Tax Producers:
>
> Please note we have removed the following items from the USA Tax PRC web site and replaced them with other USA Tax materials. Be assured that all materials and documents that are necessary for you to have a successful tax season remain fully available to you on the web site.
>
> 1. Tax Practice Growth Presentation
> 2. Tax Season Calendar 2010
> 3. 7 Steps to Successful Tax Delivery
> 4. Tax Client Agreement 2010
>
> Please do not use, copy or distribute the four items noted above until further notice. Thank you for your cooperation.
>
> Please feel free to contact either Steve Hand or Patrick Nichols if you have any questions.

Plaintiffs now seek an order compelling Defendant to distribute copies of the TRO to its Producers or, in the alternative, authorizing Plaintiffs to do so.

2

## DISCUSSION

Plaintiffs argue that Defendant's Producers are "agents" and/or "in active concert or participation" with Defendant for purposes of Federal Rule of Civil Procedure 65(d)(2), and therefore Defendant must provide them with actual notice of the TRO pursuant to Rule 65.

Rule 65(d)(2) provides that a TRO binds "the following who receive actual notice of it by personal service or otherwise: (A) the parties; (B) the parties' officers, agents, servants, employees, and attorneys; and (C) other persons who are in active concert or participation with anyone described in Rule 65(d)(2)(A) or (B)." Under Rule 65(d), a nonparty with actual notice "may be enjoined under Rule 65(d) only when its interests closely 'identify with' those of the defendant, when the nonparty and defendant stand in 'privity,' or when the defendant 'represents' or 'controls' the nonparty." Thompson v. Freeman, 648 F.2d 1144, 1147 (8th Cir. 1981). See also Independent Federation of Flight Attendants v. Cooper, 134 F.3d 917, 920 (8th Cir. 1998) (holding that "a nonparty with actual notice may be held in contempt where the nonparty aids or abets a named party in a concerted violation of a court order") (citing Rockwell Graphic Systems, Inc. v. DEV Indus., Inc., 91 F.3d 914, 919 (7th Cir. 1996); Reliance Ins. Co. v. Mast Const. Co., 84 F.3d 372, 376-77 (10th Cir. 1996); Gemco Latinoamerica, Inc. v. Seiko Time Corp., 61 F.3d 94, 98 (1st Cir. 1995)).

Plaintiffs argue that the Defendant's Producer Agreement (Doc. 31) specifically characterizes the Producers as "agents" in the context of "training and education products developed for Agent's benefit." (Doc. 31 at ¶ 4.A.) Defendant responds that the

3

Producers are independent contractors, and are only agents of Defendant with respect to the solicitation and sale of products offered by USA Tax to customers. (Doc. 31 at ¶ 4.B.) Therefore, to the extent there is an agency relationship between USA Tax and the Producers, Defendant argues that providing the Works to other Producers is outside the scope of that agency.

Defendant's Producer Agreement specifically states that the "Producer shall be an independent contractor and not an employee of USA." (Doc. 31 at ¶ 1.) A review of the Producer Agreement reveals that Paragraph 4, entitled "Agent Hierarchy," is the only section within the Producer Agreement that refers to the Producer as an "Agent," and the Producer Agreement does not provide a specific definition for "Agent." (Doc. 31 at ¶ 4.) However, Paragraph 4, section C, provides that "'Hierarchy' shall mean all those independent insurance agents, including Agent . . . for which USA receives an override of commission on the paid business." (Doc. 31 at ¶ 4.C.) The Court concludes that Defendant's use of the word "Agent" therefore indicates that Agent is an "independent insurance agent," and does not indicate an agency relationship with Defendant with respect to the Works, but instead indicates an agency relationship with respect to the solicitation and sale of products offered by USA Tax to customers from which Defendant receives an override of commission on the paid business.

While the Court finds that the Producers are not actually employees or agents of Defendant, that does not conclude the analysis required here. As set forth above, Rule 65(d) reaches those "in privity" with Defendant as well as those "in active concert or participation with" Defendant. The circumstances here are unique, in that Defendant

provided to the Producers, and the Producers contracted for, the Works that are at issue in this case. With respect to the Works, Defendant and its Producers have a "strong identity of interest." See Lynch v. Rank, 639 F. Supp. 69, 72 (N.D. Cal. 1985). The interests and motivations of Defendant and its Producers with respect to the Works at issue are the same – use of the Works by the Producers to increase sales, which will inure to the benefit of the Producers and also to Defendant, who is entitled to an override on the commissions earned on those sales. Further, in its agreement with the Producers, Defendant purports to exercise control over the Producers' use of the materials provided by Defendant. Thus, with respect to use of the Works, the Producers appear to have the type of relationship contemplated by Rule 65(d).

Further, in FTC v. Neiswonger, 494 F.Supp.2d 1067, 1080 (E.D. Mo. 2007), the Court found non-parties to an earlier injunction in contempt of that injunction because they had actual notice of the injunction and were "in active concert or participation" with a party to the injunction. Without actual notice to the Producers of the TRO, Plaintiffs would be unable to seek such an order of contempt should a Producer violate the restrictions provided by the TRO in active concert or participation with Defendant.

But the issue currently before the Court is not whether the Court could ultimately exercise jurisdiction over any non-party Producers, or whether any Producer may some day be determined to be in violation of the TRO by actions in concert or in active participation with Defendant, but rather whether Defendant should be required to give the non-party Producers notice of this Court's TRO. As a result of the prior evidentiary hearing, the Court found that Plaintiffs are more likely than not to succeed on their claim

5

that the license granted by Plaintiffs to Defendant to use the Works was revoked.  Here, Defendant put the Works into the Producers' hands pursuant to their contractual agreement, and has not yet given them notice of the TRO which, until further order of the court, enjoins the "copying, distributing, public[]display, or perpar[ation of] derivative works" of the Works.  As Defendant essentially granted a "sub-license" to its Producers, the only way that this Court's Order can properly be implemented is by Defendant giving effective notice to the Producers, to whom Defendant provided the Works for their use.  As such, the Court finds that giving notice to the Producers of the fact of this Court's temporary restraining order, rather than a mere request by Defendant that the Producers not use the Works, is necessary to carry out the TRO in a meaningful way.

At the hearing, Plaintiffs requested that the full TRO, or at least the final paragraphs, be provided to the Producers.  Defendant expressed concern that providing the Producers with a full copy of the TRO would confuse the Producers, and the further concern that Plaintiffs, together with Defendant's former executives, were attempting to use the Court's Order to gain competitive advantage or harm Defendant's business.  The Court expressed its belief that the parties could agree to language that could properly address all of these concerns, and directed the parties to prepare and submit a joint form of notice, consistent with a form of notice suggested by the Court.  The parties submitted such a proposed notice on March 15, 2010 (Doc. 41), and the Court will adopt the language of their joint proposed notice.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiffs Titan Partners, LLC and Donald F. Chamberlin, Jr.'s Motion to Compel Compliance with TRO (Doc. 30) is **GRANTED**.

**IT IS FURTHER ORDERED** that Defendant shall immediately send its Producers, and any Producers employed at the time this Court issued its TRO, the following notice:

> To All USA Tax Producers
>
> On February 18, 2011, we notified you that the following four works had been removed from the USA Tax PRC Website and replaced with other materials:
>
> 1. Tax Practice Growth Presentation
> 2. Tax Season Calendar 2010
> 3. 7 Steps to Successful Tax Delivery
> 4. Tax Client Agreement 2010
>
> In response to some of your questions, here is the background of that notice:
>
> USA Tax, Titan Partners, LLC and Donald F. Chamberlin, Jr. are parties in a federal court proceeding regarding, among other things, certain ownership issues as to those four works. On February 16, 2011, the court entered a temporary restraining order enjoining USA Tax "from copying, distributing, publicly displaying or preparing derivative works" based on those four works. This order binds, among others, employees and agents of USA Tax. Thus our prior notice to you.
>
> The TRO is not the final decision in this matter. USA Tax will have an opportunity to present evidence on these issues as the case proceeds. Accordingly, the TRO remains in effect until further order of Court. If you have any questions, please contact us.

*Audrey G. Fleissig*
AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE

Dated this 16th day of March, 2011.